IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CLARENCE LODELL PIERCE | § | |
| VS. | § | CIVIL ACTION NO. 5:12cv61 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clarence Lodell Pierce, an inmate confined at the Dalhart Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied and dismissed. The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough consideration of the pleadings, the Court concludes Petitioner's objections should be overruled.

### Objections and Analysis

*I.     State Court Claims*

The Magistrate Judge addressed each ground asserted by petitioner in his federal petition for writ of habeas corpus. Petitioner objects that the Magistrate Judge did not address the seven grounds he submitted in his state habeas application to the convicting court. Petitioner asserts he would like the Court to consider every ground raised in his 11.07 state writ of habeas corpus application in addition to the claims raised in his federal petition.

Petitioner did not assert these claims in his original federal habeas petition. It was only after the Respondent had filed his Answer and the Magistrate Judge had filed her Report and Recommendation that Petitioner first stated he wished to incorporate the grounds asserted in his state application. The Court will treat petitioner's request as a motion to supplement his petition. However, as outlined below, petitioner's new claims are time-barred because petitioner failed to file this motion to supplement within the applicable statute of limitations.

Congress enacted the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104–132, 110 Stat. 1218, on April 24, 1996. Title I of the AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Petitioner filed the instant petition after its effective date. Accordingly, the AEDPA applies to his petition.

The AEDPA substantially changed the way federal courts handle habeas corpus actions. One major change implemented by the AEDPA is a one-year statute of limitations. See 28 U.S.C.§ 2244 (d)(1). The one-year limitations period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1).

In the present case, the record does not reveal that unconstitutional state action prevented petitioner from seeking habeas corpus relief in a timely manner. Petitioner has not shown that he is asserting a newly recognized constitutional right. Petitioner also has not shown that he could not have discovered the factual predicates of his claims through the exercise of due diligence until a

later time. Accordingly, the appropriate section to employ is § 2244(d)(1)(A). Petitioner has not shown that any of the other provisions of § 2244(d) should apply.

The date on which petitioner's limitations period began to run was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1)(A). Petitioner filed a petition for discretionary review ("PDR") which the Court of Criminal Appeals refused on January 12, 2011. Therefore, petitioner's conviction for murder became final on April 12, 2011, when the time for filing a petition for certiorari with the United States Supreme Court had expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (noting state conviction becomes final ninety days after judgment was entered by the Texas Court of Criminal Appeals, even though petitioner did not file a petition for writ of certiorari). Therefore, absent any tolling, the one-year limitations period for filing a federal petition expired on April 12, 2012. *Id.* at 202 (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in § 2244(d) of the AEDPA).

The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, a state petition for habeas relief is "pending" for the AEDPA's tolling purposes on the day it is filed through (and including) the day it is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). Petitioner filed his state application on August 22, 2011 and it was denied by the Texas Court of Criminal Appeals on February 15, 2012, thus tolling the AEDPA statute of limitations for 173 days. With statutory tolling, petitioner's federal application was due no later than October 5, 2012. Consequently, when petitioner attempted to file the supplemental claims in his objections on August 10, 2015, the supplemental claims were too late.

Under Federal Rule of Civil Procedure 15(c)(1)(B), however, an amended pleading may relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original

3

pleading." Therefore, only those claims in the amended petition that are tied to a common core of operative facts as the claims in the original petition will relate back to the original petition and be considered timely filed. *See Mayle v. Felix*, 545 U.S. 644, 665, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

Petitioner's new grounds for review are as follows: (1) The evidence was insufficient to support his conviction for murder; (2) counsel was ineffective for failing to investigate and subpoena two eye witnesses; (3) counsel was ineffective for failing to make objections during trial; (4) Petitioner's waiver of a jury trial was not knowingly or voluntarily made due to the ineffective assistance of counsel; (5) counsel's failure to obtain a ruling on a motion for new trial constitutes ineffective assistance; (6) counsel's failure to inform Petitioner of the deadline for accepting a plea bargain offer was ineffective assistance; and (7) counsel's failure to negotiate and inform Petitioner of the plea bargain offer was ineffective assistance of counsel. These claims differ from the claims asserted in his federal petition (that he was denied due process in his state habeas proceeding and counsel was ineffective for failing to comply with his request for a jury trial). Although petitioner complains of ineffective assistance of counsel in both his original petition and his supplemental grounds, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they rest on the same constitutional violation." *United States v. Gonzales*, 592 F.3d 675, 680 (5th Cir. 2009). Petitioner's original claim that counsel was ineffective for failing to comply with his request for a jury trial did not apprise the respondent of the new claims. In addition, nothing in the original federal petition mentions the facts that form the basis for the new claims. Instead, Petitioner attempts to introduce new legal theories on facts different from those underlying the original claims. *See, e.g., Gonzales*, 592 F.3d at 679 (ineffective assistance of counsel claims do not relate back to original petition when original ineffective assistance of counsel claims involve an "entirely distinct type of attorney misfeasance" from the claim asserted in the amended pleading); *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (although "an amendment offered for the purpose of adding to or amplifying the facts already

alleged in support of a particular claim may relate back, one that attempts to introduce a new legal theory based on facts different from those underlying the timely claims may not"). Accordingly, petitioner's new claims do not relate back to the date his original petition was filed in this case.

Petitioner's federal petition was timely submitted. While Petitioner made an unnecessary request for equitable tolling with respect to his original petition, he makes no claim for equitable tolling with respect to his supplemental claims. Regardless, any such claim should be denied.

The one-year limitations period for filing habeas petitions established in § 2244(d)(1) is not a jurisdictional bar and is, therefore, subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Fifth Circuit has stated that courts should "draw on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id*.; *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). In order for equitable tolling to apply, the petitioner must diligently pursue § 2254 relief and the petitioner bears the burden of establishing entitlement to equitable tolling. *See Coleman*, 184 F.3d at 402; *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner provides no explanation for the delay in submitting his claims. Additionally, there are no rare and exceptional circumstances that warrant equitable tolling and there is nothing to indicate petitioner diligently pursued relief under § 2254. *See Fisher v. Johnson*, 174 F.3d 710,

715 n. 14 (5th Cir. 1999). In the absence of equitable tolling, the supplemental claims are untimely and should be denied.

## II.     *Exhaustion*

The Magistrate Judge recommended Petitioner's claim of ineffective assistance of counsel be denied for failing to exhaust state habeas remedies. The Magistrate Judge determined Petitioner's claim presented in this petition was a different claim than the claim presented in the state application. Accordingly, the Magistrate Judge recommended the claim be dismissed for failure to exhaust state habeas remedies. Alternatively, the Magistrate Judge addressed the merits of Petitioner's claim and found the claim lacking in merit.

Petitioner objects to the Report, contending he exhausted all grounds asserted in his state application. After due consideration, this Court finds Petitioner's argument is without merit, and the objections should be overruled. As the Magistrate Judge determined, Petitioner asserts a different claim in this petition than he presented in his state application for writ of habeas corpus. Additionally, as the Magistrate Judge also concluded, the claims are without merit. Accordingly, the petition should be denied and dismissed.

## III.    *Supplemental Objections*

Following the filing of his objections, Petitioner wrote a letter to the Court in support of his petition which, liberally construed, will be considered supplemental objections. In his supplemental objections, Petitioner complains of the alleged misconduct of the trial court judge. Petitioner argues the trial judge's statements regarding mitigation evidence actually prove his innocence based on self-defense. However, Petitioner is misconstruing the judge's statements. The trial court judge was merely explaining his reasons for sentencing Petitioner to a term at the lower end of the statutory range for the serious crime of murder. Petitioner's objections are without merit and should be denied.

IV.     *Certificate of Appealability*

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

Order

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 20th day of April, 2016.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE